**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

JOYE SCHMELING, individually and on
behalf of all others similarly situated

                            Plaintiff,

                      *vs.*                        Case No. 1:20-cv-00768-WCG

UNITED COLLECTION BUREAU, INC.,

                            Defendant.

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

This class action is brought by Plaintiff, Joye Schmeling ("SCHMELING"), individually and on behalf of all others similarly situated, against Defendant, United Collection Bureau, Inc. ("UCB"), based on the following:

### I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated, for the illegal practices of Defendant who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from Plaintiff and other similarly situated Wisconsin consumers.

2. Plaintiff alleges Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4. The FDCPA is a strict-liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

5. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: making a false representation of the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A); and, using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

6. Furthermore, the FDCPA, at 15 U.S.C. § 1692g, requires that certain information as to the validation of a debt be provided in a collection letter. 15 U.S.C. § 1692g(a)-(e). Among the *per se* violations prohibited by that section are failing to provide the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2).

7. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA.

## II. PARTIES

1. SCHMELING is a natural person who, at all times relevant to this lawsuit was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

2. UCB is a for-profit corporation formed under the laws of the State of Ohio.

3. On information and belief, UCB maintains its principal place of business at 5620 Southwyck Boulevard, Toledo, Ohio 43614.

4. UCB's registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## III. JURISDICTION & VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

6. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this federal judicial district and because UCB is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

## IV. FACTS

7. UCB regularly engages in the collection of defaulted consumer debts or allegedly defaulted consumer debts owed to others.

8. UCB is a business the principal purpose of which is the collection of defaulted consumer debts.

9. In attempting to collect debts, UCB uses the mails, telephone, the internet, and other instruments of interstate commerce.

10. UCB mailed or caused to be mailed a letter dated June 7, 2019 (the "First Letter") to SCHMELING.

11. A true and correct copy of the First Letter is attached as *Exhibit A*, except that portions are redacted.

12. UCB mailed or caused to be mailed a letter dated July 9, 2019 (the "Second Letter") to SCHMELING.

13. A true and correct copy of the Second Letter is attached as *Exhibit B*, except that portions are redacted.

14. UCB mailed or caused to be mailed a letter dated October 9, 2019 (the "Third Letter") to SCHMELING.

15. A true and correct copy of the Third Letter is attached as *Exhibit C*, except that portions are redacted.

16. On information and belief, the First Letter was mailed on or after the Letter's date.

17. The First Letter, Second Letter, and Third Letter concerned a financial obligation (the "Debt") arising from goods and services obtained by SCHMELING for personal, family, or household purposes.

18. The Debt was placed with UCB for collection.

19. The First Letter was UCB's first written communication to SCHMELING attempting to collect the Debt.

20. The First Letter offered a settlement of the Debt and stated "We are not obligated to renew this offer."

21. The statement, "[w]e are not obligated to renew this offer" is materially false, deceptive, and misleading because UCB is *always* obligated by the creditor to renew the offer stated in the Letter.

22. The statement, "[w]e are not obligated to renew this offer" is a materially false statement because it influences the unsophisticated consumer's decision to pay the Debt.

23. The First Letter deprived SCHMELING of non-misleading information in connection with UCB's attempt to collect a debt.

## V. CLASS ALLEGATIONS

24. The First Letter is a form letter. Specifically, the First Letter was created by merging electronically-stored information specific to the Debt (including but not limited to the addressee's name and address) with predetermined electronically-stored text and any graphics defined by a template, and printing the result. In effect, the Debt-specific information is used to populate the blanks in the template to produce the Letter.

25. Defendant's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, individually and on behalf of all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

26. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

27. *Class Definition.* The Class is defined as:

> All natural persons to whom United Collection Bureau, Inc. mailed a written communication in the form of *Exhibit A* to a Wisconsin address during the Class Period beginning on April 16, 2019 and ending on May 7, 2020.

28. The identities of the Class members are readily ascertainable from UCB's business records and the business records of those entities on whose behalf UCB collects debts.

29. *Class Claims.* The Class Claims are the claims which each Class member may have for any violation of the FDCPA arising from Defendant having sent a written communication in the same form as *Exhibit A*.

30. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

- (a) *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

- (b) *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any issues involving only individual class members because those questions concern the same conduct by Defendant with respect to each Class member.

- (c) *Typicality.* The claims of the Plaintiff are typical of the Class members because those claims arise from a common course of conduct engaged in by Defendant.

- (d) *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interests that are adverse to those of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions.

31. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may, in addition to moving for class certification using modified Class definitions, Class claims, or Class periods, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4)

## VI. CAUSE OF ACTION FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

34. UCB is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

35. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

37. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

38. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

39. *Exhibit C* is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. The use and mailing of *Exhibit A* by Defendant violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b) Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A); and,

    (c) Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, in violation 15 U.S.C. § 1692e(10).

## VII. PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff demands judgment against Defendant. Specifically, Plaintiffs seeks entry of an Order:

    (a) An Order certifying this case as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

    (b) An award of statutory damages for PLAINTIFF and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

    (c) An award to PLAINTIFF for services on behalf of the Class as determined in the discretion of the Court;

    (d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    (e) An award of actual damages to Plaintiff and the Class to the extent to which the recovery of reasonable attorneys' fees and costs cause a negative tax consequence to Plaintiff and/or the Class; and,

    (f) For such other and further relief as may be just and proper.

## VIII. JURY DEMAND

42. Trial by jury is demanded on all issues so triable.

Respectfully submitted,

Dated: August 25, 2020

*s/Katelyn B. Busby*
*Katelyn B. Busby*
Katelyn B. Busby (AR Bar #2014155)
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Joye Schmeling*
STERN•THOMASSON LLP
150 Morris Ave., 2nd Floor
Springfield, NJ 07081
Telephone (973) 548-0122
Fax (973) 548-0122
E-mail: Katelyn@SternThomasson.com
E-Mail: Francis@SternThomasson.com
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com